# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>MICHAEL WAYNE ARNOLD,<br><br>                      Petitioner. | No. 57819-1-II<br><br>UNPUBLISHED OPINION |

VELJACIC, J. — Michael Arnold's CrR 7.8 motion seeking resentencing in light of *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), was transferred to this court as a personal restraint petition (PRP) because the trial court found that the motion was time barred under RCW 10.73.090. Arnold asks us to find that the motion was improperly transferred and return the case to the trial court, arguing that the holding in *Houston-Sconiers* applies retroactively to his case as a significant change in the law and thereby an exception to the time bar under RCW 10.73.100(7).[1]

We hold that Arnold's claim that he is entitled to full resentencing is time barred because he does not demonstrate that the trial court violated the substantive mandate of *Houston-Sconiers* when it sentenced him, and he thus fails to meet his burden to show that he is entitled to retroactive application of *Houston-Sconiers*. We deny the motion to return the case to the trial court and dismiss the petition.

---

[1] We cite to the current version of this statute because recent statutory amendments merely changed the section number and do not impact our analysis. *See* LAWS OF 2024, ch. 118, § 8.

FACTS

In March 2017, the trial court convicted Arnold of two counts of child molestation in the first degree and one count of assault in the third degree, stemming from incidents occurring between 1999 and 2005. In this span of time, Arnold was between 13 and 18 years old. The court imposed an 84-month sentence with a life term of community custody. The court later reduced his term of community custody to 36 months.

In March 2022, Arnold filed a CrR 7.8 motion, requesting resentencing in light of *Houston-Sconiers*, 188 Wn.2d at 23 (holding that when juveniles are adjudicated as adults, trial courts *must* consider mitigating qualities of youth at sentencing and *must* have discretion to impose any sentence below the otherwise applicable Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, range and/or sentence enhancements). In January 2023, the trial court concluded that the case was time barred and transferred it to this court as a PRP.

Arnold was released from confinement in November 2022 and is currently serving his term of community custody. In light of his release, the State filed a motion to dismiss Arnold's motion as moot because there was no further relief that we could provide. We dismissed that motion, explaining that the motion was not moot because Arnold was still serving a community custody term and, therefore, was still technically restrained under RAP 16.4(b). *See* Ord. Den. State's Mot. to Dismiss, *In re Pers. Restraint of* Arnold, No. 57819-1, at 2 (Wash. Ct. App. May 31, 2023).

In his supplemental briefing, Arnold objects to the trial court's transfer of his CrR 7.8 motion and requests that we return the matter to the trial court because his CrR 7.8 motion was not time barred.

ANALYSIS

Arnold argues that his CrR 7.8 motion is not time barred because *Houston-Sconiers* is a significant, material, retroactive change in the law that qualifies for the significant change in the law exception to the time bar established in RCW 10.73.100(7). We disagree because in Arnold's case, *Houston-Sconiers* is not retroactive.

I.  PRP PRINCIPLES

"'We have three available options when reviewing a personal restraint petition: (1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition.'" *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 242, 474 P.3d 507 (2020) (quoting *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013)). A petitioner must demonstrate by a preponderance of the evidence that he was actually and substantially prejudiced by the constitutional error in order to obtain relief on collateral review. *Id.* at 242-43.

II.  COLLATERAL ATTACKS

"Generally speaking, a person seeking to challenge their conviction or sentence has 30 days in which to initiate a direct appeal." *State v. Molnar*, 198 Wn.2d 500, 508, 497 P.2d 858 (2021); RAP 5.2(a). "'[A]ny form of postconviction relief other than a direct appeal' is known as a 'collateral attack.'" *Id.* (quoting RCW 10.73.090(2)).

"Most collateral attacks must be brought within 'one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.'" *Id*. (quoting RCW 10.73.090(1)). "A year after th[e] judgment is final, the statutory grounds for relief that may be raised are limited." *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 49, 479 P.3d 1164 (2021); RCW 10.73.090, .100. "The same time constraints apply whether the

collateral attack is filed in superior court, the Court of Appeals, or [the Supreme Court]." *Molnar*, 198 Wn.2d at 508; CrR 7.8(b); RAP 16.4(d).

RCW 10.73.100 provides statutory grounds when the one-year time bar does not apply. Relevant to this appeal, that statute reads:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
> . . . .
> (6) *There has been a significant change in the law*, whether substantive or procedural, *which is material to the conviction*, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that *sufficient reasons exist to require retroactive application of the changed legal standard*.

RCW 10.73.100(7) (emphasis added).

"Collateral attacks filed in superior court are governed by CrR 7.8, and 'when a superior court receives a CrR 7.8 motion, it should follow the CrR 7.8(c) procedures.'" *Molnar*, 198 Wn.2d at 508 (quoting *State v. Waller*, 197 Wn.2d 218, 220, 481 P.3d 515 (2021)). CrR 7.8(c)(2) provides that:

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

"Therefore, if the superior court determines that the collateral attack is untimely, then the court must transfer it to the Court of Appeals without reaching the merits." *Molnar*, 198 Wn.2d at 509.

III.    ARNOLD'S CASE IS NOT EXCEPTED FROM THE TIME BAR

Arnold sought collateral review of his sentence under CrR 7.8, more than one year after his judgment and sentence became final. His motion is untimely unless it is based on a statutory exception to the time bar. RCW 10.73.090, .100. Arnold relies on the exception for a significant

change in the law that is material to his sentence and requires retroactive application. RCW 10.73.100(7). Arnold argues he is excepted from this time bar and is entitled to relief based on *Houston-Sconiers*, which would entitle him to resentencing based on his youthfulness.

A.      *Houston-Sconiers*

In *Houston-Sconiers*, our Supreme Court announced a new substantive constitutional rule that must be applied retroactively upon collateral review: when juveniles are adjudicated as adults, trial courts *must* consider mitigating qualities of youth at sentencing and *must* have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements. *See Ali*, 196 Wn.2d at 236. Subsequently, in *Ali*, our Supreme Court held that *Houston-Sconiers* represents a significant change in the law because it *requires* the sentencing court to consider the youthfulness of the defendant. *Id*. at 233. A significant change in the law exists "when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue." *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). Because *Houston-Sconiers* explicitly overruled any interpretation that would deprive a sentencing court discretion to impose an exceptional sentence downward with regard to juveniles, the *Ali* court held that *Houston-Sconiers* is a significant change in the law.[2] *See Ali*, 196 Wn.2d at 233-34; *see also Houston-Sconiers*, 188 Wn.2d at 21 n.5. The court explained that *Houston-Sconiers* is substantive "because it placed certain adult sentences beyond courts' authority to impose on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment." *Ali*, 196 Wn.2d at 239.

---

[2] For example, *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999), was overruled by *Houston-Sconiers*. According to that case, the SRA "deprives a sentencing court of discretion to impose an exceptional sentence downward below the time specified for a mandatory deadly weapon enhancement." *Id*. at 22.

In *In re Personal Restraint of Carrasco*, 1 Wn.3d 224, 233, 525 P.3d 196 (2023), the Supreme Court clarified that *Houston-Sconiers*'s procedural "dual mandates"[3] are not retroactive and therefore do not apply on collateral review to a sentence that is long final." *Id*. Instead, "the rule announced by *Houston-Sconiers* that applies retroactively . . . is the substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment.'" *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 331, 525 P.3d 156 (2023) (quoting *Ali*, 196 Wn.2d at 239); *see also Carrasco*, 1 Wn.3d at 233.

Therefore, a petitioner who alleges only procedural error pursuant to *Houston-Sconiers* is not entitled to collateral relief. *Carrasco*, 1 Wn.3d at 237. In *Carrasco*, the petitioner sought resentencing based solely on the allegation that "he [was] serving an unconstitutional sentence because the sentencing court failed to comply with the dual mandates of *Houston-Sconiers*." *Id*. at 229-30. The court held that this was insufficient to establish an entitlement to collateral relief, explaining that "[a] violation of that procedural right does not lead to the conclusion that [a petitioner] is serving an unconstitutional sentence under the Eighth Amendment." *Id*. at 237. Because the petitioner had not "argue[d] that he [was] a 'juvenile with diminished culpability' serving a disproportionate adult standard SRA range sentence," the Supreme Court concluded that he was not entitled to relief. *Id*.; *see also Hinton*, 1 Wn.3d at 323 (holding that a sentencing court's "failure to adhere to *Houston-Sconiers*'s procedural rule . . . provides no basis for relief because procedural rules do not apply retroactively").

---

[3] "Dual mandates" refers to the requirement from *Houston-Sconiers* that sentencing courts must first consider the mitigating qualities of youth, *and* second, they must have discretion to impose sentences below what the SRA requires. 189 Wn.2d at 21-23.

B.      Motion Objecting to the Trial Court's CR 7.8(c)(2) Transfer

In his two page motion, Arnold asserts that the trial court's decision to transfer his CrR 7.8 motion for resentencing under *Houston-Sconiers* was erroneous.  He argues that the motion was timely; therefore, the court wrongly transferred the matter under CrR 7.8(c)(2) and we should return this matter to the trial court for consideration on the merits.

For Arnold's CrR 7.8 motion to be exempt from RCW 10.73.090's one-year time limit under the RCW 10.73.100(7) exception, he must demonstrate (1) a substantive, not procedural, error that applies retroactively; (2) that is material to his sentence; and (3) by a preponderance of the evidence that he was actually and substantially prejudiced.  *Carrasco*, 1 Wn.3d at 233; *Ali*, 196 Wn.2d at 233; *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004).  Arnold does not argue that he suffered a substantive *Houston-Sconiers* error, nor does he even mention the difference between procedural and substantive sentencing errors or cite to *Carrasco.*  Because it is Arnold's burden to demonstrate that his petition is not time barred (because he suffered a substantive rather than merely procedural *Houston-Sconiers* error), and he has failed to do so, we conclude that his petition is time barred.  As such, the trial court properly transferred the matter to us under CR 7.8(c)(2).

CONCLUSION

Because Arnold only asserts a *Houston-Sconiers* procedural error, his claim is time barred.  Accordingly, it was properly transferred to this court under CrR 7.8(c)(2).  We deny his motion objecting to the transfer and dismiss his petition as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____<br>Veljacic, J

We concur:

_____
Cruser, C.J.

_____
Che, J.